IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD MACK HARRIS SENIOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-1414-F |
| | ) |
| UNITED STATES FEDERAL BUREAU | ) |
| OF PRISONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **Report and Recommendation**

The Court should grant the BOP's motion to rescind pauper status and order payment of the filing fee.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2006), a prisoner cannot proceed *in forma pauperis* if he has brought at least three "action[s] or appeal[s] in a court of the United States that [were] dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Before he began the present action, Mr. Harris had obtained three dismissals for frivolousness or failure to state a claim on which relief can be granted.[1]

---

[1] *Harris v. BOP*, Case No. 7:07-CV-363, 2007 WL 2220514 (W.D. Va. July 31, 2007) (failure to state a valid claim); *Harris v. Calcasieu Parish Detention Center*, Case No. 10-328, 2011 WL 5289007 (W.D. La. Nov. 2, 2011) (frivolousness); *Harris v. U.S. Department of Justice*, Case No. 2:09-CV-1047 (W.D. La. Nov. 15, 2011) (frivolousness and failure to state a valid claim).

With these dismissals, Mr. Harris could only obtain pauper status upon a showing of a physical injury that was both serious and imminent.[2]  At the pleading stage, the Plaintiff had to make allegations of an imminent threat that were both "specific" and "credible."[3]  His allegations do not satisfy this burden.

In the complaint, Mr. Harris alleged sexual harassment, deprivation of hygiene products and legal materials, inadequate nutrition, sleeping arrangements on stone without a mattress, inability to use a water fountain, and withholding of a grievance form.  These allegations do not suffice for two reasons.  First, they involved past conduct rather than harm expected in the future.[4]  Second, the complaints did not constitute a specific, credible threat of a physical injury that was both serious and imminent.  Accordingly, the Court should revoke pauper status and require payment of the $350 filing fee within 21 days.[5]

---

[2]   *See supra* p. 1.

[3]   *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (stating that to satisfy the exception under 28 U.S.C. § 1915(g), the plaintiff had "to make 'specific, credible allegations of imminent danger of serious physical harm'" (citation omitted)).

[4]   *See Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008) ("Reliance on past injuries or harm . . . is insufficient [to satisfy the 'imminent danger' exception under 28 U.S.C. § 1915(g)]" (citations omitted)); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (stating that "allegations of past injury or harm are insufficient" to satisfy the requirement of an imminent danger of serious physical injury (citation omitted)); *accord Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("when ['frequent filers'] allege only a past injury that has not recurred, courts deny them leave to proceed IFP" (citations omitted)).

[5]   *See* 28 U.S.C. § 1914(a) (2006) ($350.00 filing fee); Local Civil Rule 3.3(e) (requiring payment of the filing fee within 21 days of a denial of pauper status).

The Plaintiff is advised of his right to object to this report by October 12, 2012.[6] If Mr. Harris does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiff is further advised that the failure to timely object would foreclose appellate review of the suggested ruling.[7]

This report discharges the referral. If the Plaintiff does timely pay the filing fee, the undersigned would suggest recommitment for further proceedings.

Entered this 25th day of September, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6]  *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[7]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).